David E. Bower (SBN 119546)
**MONTEVERDE & ASSOCIATES PC**
600 Corporate Pointe, Suite 1170
Culver City, CA 90230
Tel: (213) 446-6652
Fax: (212) 202-7880

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

GORDON LINK, Individually and on Behalf of All Others Similarly Situated,

                    Plaintiff,

    v.

SENOMYX, INC., KENT SNYDER, JOHN POYHONEN, STEPHEN A. BLOCK, TOM ERDMANN, MARY ANN GRAY, DAN STEBBINS, and CHRISTOPHER J. TWOMEY,

                  Defendants.

CIVIL ACTION NO.   **'18 CV 2336 BAS WVG**

## CLASS ACTION COMPLAINT

## DEMAND FOR JURY TRIAL

1. **VIOLATIONS OF SECTION 14(E) OF THE SECURITIES EXCHANGE ACT OF 1934**
2. **VIOLATIONS OF SECTION 20(A) OF THE EXCHANGE ACT**

      Gordon Link ("Plaintiff"), by his undersigned attorneys, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

      1.    This action is brought as a class action by Plaintiff on behalf of himself and the other public holders of the common stock of Senomyx, Inc. ("Senomyx" or the "Company") against Senomyx and the members of the Company's board of directors (collectively, the "Board" or "Individual Defendants," and, together with

Senomyx, the "Defendants") for their violations of Sections 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(e) and 78t(a) in connection with the tender offer ("Tender Offer") by Firmenich Incorporated, through its subsidiary (collectively "Firmenich"), to acquire all of the issued and outstanding shares of Senomyx (the "Proposed Transaction").

2.     On September 16, 2018, Senomyx entered into a definitive agreement and plan of merger (the "Merger Agreement"), whereby shareholders of Senomyx common stock will receive $1.50 in exchange for each share of Senomyx they own (the "Offer Price").

3.     On October 4, 2018, in order to convince Senomyx shareholders to tender their shares, the Board authorized the filing of a materially incomplete and misleading Schedule 14D-9 solicitation/recommendation statement (the "Recommendation Statement") with the Securities and Exchange Commission ("SEC"). In particular, the Recommendation Statement contains materially incomplete and misleading information concerning: (i) the Company's financial projections; (ii) the valuation analyses performed by the Company's financial advisor, Needham & Company, LLC ("Needham"); (iii) potential conflicts of interest faced by the Company's other financial advisor Conexus Capital Advisors, Inc. ("Conexus").

4.     The Tender Offer is scheduled to expire at 12:00 midnight Eastern Time on November 2, 2018 (the "Expiration Date"). It is imperative that the material information that has been omitted from the Recommendation Statement is disclosed to the Company's shareholders prior to the forthcoming Expiration Date so they can properly determine whether to tender their shares.

5.     For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from closing the Tender Offer or taking any steps to consummate the Proposed Transaction, unless and until the material information discussed below is disclosed to Senomyx shareholders or, in the event the Proposed Transaction is

consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(e) and 20(a) of the Exchange Act.

7.    Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

8.    Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because: (i) the conduct at issue took place and had an effect in this District; (ii) Senomyx maintains its primary place of business in this District; (iii) a substantial portion of the transactions and wrongs complained of herein, including Defendants' primary participation in the wrongful acts detailed herein, occurred in this District; and (iv) Defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District.

## PARTIES

9.    Plaintiff is, and at all relevant times has been, a shareholder of Senomyx.

10.    Defendant Senomyx is a Delaware corporation and maintains its principal executive office at 4767 Nexus Centre Drive, San Diego, California 92121. Senomyx discovers and develops novel flavor ingredients and natural high intensity

CLASS ACTION COMPLAINT

1  sweeteners. The Company's common stock trades on the NASDAQ under the ticker
2  symbol "SNMX".

3      11.    Individual Defendant Kent Snyder is a director of Senomyx and is the
4  Chairman of the Board.

5      12.    Individual Defendant John Poyhonen is a director of Senomyx and is
6  the President and Chief Executive Officer of the Company.

7      13.    Individual Defendant Stephen A. Block is, and has been at all relevant
8  times, a director of the Company.

9      14.    Individual Defendant Tom Erdmann is, and has been at all relevant
10 times, a director of the Company.

11     15.    Individual Defendant Mary Ann Gray is, and has been at all relevant
12 times, a director of the Company.

13     16.    Individual Defendant Dan Stebbins, and has been at all relevant times,
14 a director of the Company.

15     17.    Individual Defendant Christopher J. Twomey, and has been at all
16 relevant times, a director of the Company.

17     18.    The defendants identified in paragraphs 10-17 are collectively referred
18 to as the "Defendants".

19                        **CLASS ACTION ALLEGATIONS**

20     19.    Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23 on behalf
21 of himself and the other public shareholders of Senomyx (the "Class").  Excluded
22 from the Class are Defendants herein and any person, firm, trust, corporation, or
23 other entity related to or affiliated with any Defendant.

24     20.    This action is properly maintainable as a class action because:

25          a.     The Class is so numerous that joinder of all members is
26 impracticable.  As of the close of business on September 24, 2018, there were
27 48,989,475 shares issued and outstanding, held by hundreds to thousands of
28 individuals and entities scattered throughout the country.  The actual number

of public shareholders of Senomyx will be ascertained through discovery;

b.     There are questions of law and fact that are common to the Class that predominate over any questions affecting only individual members, including the following:

   i)     whether Defendants have misrepresented or omitted material information concerning the Proposed Transaction in the Recommendation Statement, in violation of Sections 14(e) of the Exchange Act;

   ii)    whether the Individual Defendants have violated Section 20(a) of the Exchange Act; and

   iii)   whether Plaintiff and other members of the Class will suffer irreparable harm if compelled to tender their shares based on the materially incomplete and misleading Recommendation Statement;

c.     Plaintiff is an adequate representative of the Class, has retained competent counsel experienced in litigation of this nature, and will fairly and adequately protect the interests of the Class;

d.     Plaintiff's claims are typical of the claims of the other members of the Class and Plaintiff does not have any interests adverse to the Class;

e.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the party opposing the Class;

f.     Defendants have acted on grounds generally applicable to the Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole; and

g.     A class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

CLASS ACTION COMPLAINT

# SUBSTANTIVE ALLEGATIONS

## I.    Background and the Proposed Transaction

21.    Senomyx, incorporated on September 16, 1998, is focused on using taste receptor technologies to discover, develop, and commercialize flavor ingredients for the packaged food, beverage, and ingredient supply industries. The Company operates through development and commercialization of flavor ingredients segment. The Company is engaged in the discovery, development, and/or commercialization of flavor ingredients through its approximately five programs focused on sweet, savory, bitter, cooling, and salt taste areas. The Company's taste receptor-based assays are used in its screening systems and for screening its compound libraries and identifying flavor ingredients.

22.    Firmenich, designs, manufactures, markets, and distributes flavors and fragrances. It offers natural and artificial butter flavorings. The company was incorporated in 1950 and is based in Plainsboro, New Jersey. Firmenich Incorporated operates as a subsidiary of Firmenich International SA.

23.    On September 17, 2018, Senomyx and Firmenich issued a joint press release announcing the Proposed Transaction. The press release stated in relevant part:

### FIRMENICH TO ACQUIRE SENOMYX, PIONEER IN TASTE INNOVATION

**Geneva, Switzerland, Princeton, New Jersey and San Diego, California September 17th, 2018** – Firmenich and Senomyx, Inc. (NASDAQ: SNMX) today announced that they have entered into a definitive merger agreement under which Firmenich will acquire all of the outstanding common stock of Senomyx for $1.50 per share in cash. This represents a premium of approximately 43% over Senomyx's closing price on September 14, 2018 and a premium of approximately 39% based on the prior 30-trading day volume-weighted average price (VWAP). The proposed transaction has been unanimously approved by the Boards of Directors of both Firmenich and Senomyx. The companies expect to close the transaction in the fourth quarter of 2018.

"Senomyx has established itself as a leader in taste innovation and a recognized pioneer in sweet, cooling and bitter solutions," said Patrick Firmenich, Chairman of the Board, Firmenich. "Building on our long-

term partnership spanning more than a decade, we look forward to welcoming Senomyx into Firmenich to lead in taste and nutrition."

"We are excited to be joining Firmenich," stated John Poyhonen, President and Chief Executive Officer of Senomyx. "Firmenich's commitment to innovation and delivery of world-class commercialization capabilities combined with our long standing relationship makes this deal the ideal fit for our companies. We believe this merger will allow the Senomyx discoveries to reach their full potential. I would like to personally thank all our employees for their dedication and contributions in building a leading proprietary taste science technology platform that will benefit consumers around the globe well into the future."

"Building on our world-class science and pioneering taste platform, this strategic acquisition confirms our commitment to being the partner of choice in taste and nutrition," said Gilbert Ghostine, CEO Firmenich. "Adding Senomyx's leading taste technologies and strong natural ingredients pipeline to our taste platform, uniquely positions us to create healthy and great tasting food, drink and oral care experiences for our customers."

Upon closing, Senomyx will be integrated into Firmenich's North America Research & Development (R&D) organization and its products will be commercialized through its Taste Platform. Senomyx R&D operations will remain in San Diego, with a continued focus on discovering and developing world-class flavor and sweetener solutions for the world's greatest brands. Firmenich looks forward to continuously advancing Senomyx's innovative pipeline of products and its discovery capabilities to shape the most differentiating natural taste solutions for its customers. Innovation-driven and recognized for its world-class ingredient screening capabilities, Senomyx recently identified and has started to develop a high intensity and a clean tasting sweetener, Siratose, which naturally occurs in Monkfruit.

Under the terms of the merger agreement, Firmenich will promptly commence a tender offer to acquire all of the outstanding shares of Senomyx common stock for $1.50 per share in cash. Following the successful completion of the tender offer, Firmenich will acquire all remaining shares not tendered in the tender offer. hrough a second-step merger at the same price as to be paid to stockholders tendering their shares in the tender offer. The tender offer is expected to expire at one minute following 11:59 p.m., Eastern Time, on the 20th business day after the launch of the tender offer, unless extended in accordance with the merger agreement and the applicable rules and regulations of the Securities and Exchange Commission.

The consummation of the tender offer is subject to various conditions, including a minimum tender of a majority of outstanding Senomyx shares and other customary conditions.

Senomyx's financial advisors for the transaction are Needham & Company and Conexus Capital Advisors with Cooley LLP providing legal advice. Firmenich's financial advisor for the transaction is Piper Jaffray with Duane Morris LLP providing legal advice.

CLASS ACTION COMPLAINT

24.     The Offer Price is inadequate consideration for Senomyx shareholders. Indeed, $1.50 represents a 12% *discount* to the Company's 52-week high trading price. It is therefore imperative that shareholders receive the material information (discussed in detail below) that Defendants have omitted from the Recommendation Statement, which is necessary for shareholders to properly exercise their corporate suffrage rights and make an informed decision concerning whether to tender their shares in the Proposed Transaction.

## II.     The Recommendation Statement Is Materially Incomplete and Misleading

25.     On October 4, 2018, Defendants filed the Recommendation Statement with the SEC.  The Recommendation Statement has been disseminated to the Company's shareholders, and solicits the Company's shareholders to tender their shares in the Tender Offer.  The Individual Defendants were obligated to carefully review the Recommendation Statement before it was filed with the SEC and disseminated to the Company's shareholders to ensure that it did not contain any material misrepresentations or omissions. However, the Recommendation Statement misrepresents and/or omits material information that is necessary for the Company's shareholders to make an informed decision concerning whether to tender their shares, in violation of Sections 14(e) and 20(a) of the Exchange Act.

26.     First, with respect to Needham' *Discounted Cash Flow Analysis*, the Recommendation Statement fails to disclose the following key components used in the analysis: (i) what cash flows were actually used to derive the present value—unlevered free cash flows or changes in cash balances "as a proxy" (the Recommendation Statement is inconsistent on page 33); (ii) the inputs and assumptions underlying the calculation of the discount rate range of 22.5% to 27.5%, including (including WACC components); (iii) the value of the cash and debt balances added and subtracted from implied present value ranges to arrive at the illustrative implied present equity values; (iv) the actual terminal values calculated;

and (v) complete and accurate information surrounding the "sensitivity analysis" including why Needham waited until two days before the Board voted on the Merger Agreement to introduce this concept, which lowered the valuation results.

27.     These key inputs are material to Senomyx shareholders, and their omission renders the summary of Needham' *Discounted Cash Flow Analysis* incomplete and misleading.  As a highly-respected professor explained in one of the most thorough law review articles explaining the fundamental flaws with the valuation analyses bankers perform in support of fairness opinions: in a discounted cash flow analysis a banker takes management's forecasts, and then makes several key choices "each of which can significantly affect the final valuation."  Steven M. Davidoff, *Fairness Opinions*, 55 Am. U.L. Rev. 1557, 1576 (2006).  Such choices include "the appropriate discount rate, and the terminal value…" *Id*.  As Professor Davidoff explains:

> There is substantial leeway to determine each of these, and any change can markedly affect the discounted cash flow value. For example, a change in the discount rate by one percent on a stream of cash flows in the billions of dollars can change the discounted cash flow value by tens if not hundreds of millions of dollars…. This issue arises not only with a discounted cash flow analysis, but with each of the other valuation techniques. This dazzling variability makes it difficult to rely, compare, or analyze the valuations underlying a fairness opinion *unless full disclosure is made of the various inputs in the valuation process, the weight assigned for each, and the rationale underlying these choices*. The substantial discretion and lack of guidelines and standards also makes the process vulnerable to manipulation to arrive at the "right" answer for fairness.  This raises a further dilemma in light of the conflicted nature of the investment banks who often provide these opinions.

*Id.* at 1577-78.

28.     Next, with respect to the Needham's *Selected Companies* and *Selected Transactions* Analyses, the Recommendation Statement fails to disclose the individual multiples Needham calculated for each company and transaction utilized. The omission of these multiples renders the summary of these analyses provided in the Recommendation Statement misleading.  A fair summary of companies and transactions analyses requires the disclosure of the individual multiples for each

company and transaction; merely providing the range that a banker applied is insufficient, as shareholders are unable to assess whether the banker applied appropriate multiples, or, instead, applied unreasonably low multiples in order to frame the Offer Price in the most favorable light – i.e. as low as possible. Additionally, neither of these analyses includes the per share equity value reference ranges almost universally utilized by financial advisors to value—and summarize to shareholders—merger and acquisition transactions. Accordingly, the omission of this material information renders the summaries provided in the Recommendation Statement misleading.

29.     Finally, the Recommendation Statement fails to disclose any details surrounding the prior relationships between Conexus and either the Company or Firmenich. Such information is plainly material to Senomyx shareholders. It is imperative for shareholders to be able to understand what factors might influence the financial advisor's analytical efforts. A financial advisor's own proprietary financial interest in a transaction must be carefully considered when assessing how much credence to give its advice. A reasonable shareholder would want to know what important economic motivations that the advisor, employed by a board to negotiate and conduct the sales process, might have. This is especially true when that motivation could rationally lead the advisor to favor a deal at a less than optimal price, because the procession of a deal was more important to them—given their overall economic interest—than only approving a deal at truly fair price to shareholders.

30.     On page 13, the Recommendation Statement specifically states that the Company selected Conexus to be its financial advisor "based upon their knowledge of the flavor ingredient industry, experience, reputation and familiarity with companies in the industry including Firmenich." However, the Recommendation Statement fails to disclose any details about any prior relationship between Conexus and either the Company or Firmenich. The omission of Conexus' prior

relationship(s) to Senomyx and Firmenich renders the statements disclosing Conexus' potential conflicts provided in the Recommendation Statement materially incomplete and misleading.

31.     In sum, the omission and/or misstatement of the above-referenced information renders statements in the Recommendation Statement materially incomplete and misleading in contravention of the Exchange Act.  Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other members of the Class will be unable to make a fully-informed decision regarding whether to tender their shares, and they are thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## COUNT I

### Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act

32.     Plaintiffs repeat and reallege the preceding allegations as if fully set forth herein.

33.     Defendants caused the Recommendation Statement to be issued with the intention of soliciting shareholder support of the Proposed Transaction.

34.     Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation."  15 U.S.C. § 78n(e).

35.     Defendants violated this clause of Section 14(e) because they negligently caused or allowed the Recommendation Statement to be disseminated to Senomyx shareholders in order to solicit them to tender their shares in the Tender Offer, and the Recommendation Statement contained untrue statements of material

fact and/or omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

36.    Defendants negligently omitted the material information identified above from the Recommendation Statement or negligently failed to notice that such material information had been omitted from the Recommendation Statement, which caused certain statements therein to be materially incomplete and therefore misleading.  Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Recommendation Statement, rendering certain portions of the Recommendation Statement materially incomplete and therefore misleading.  As directors and officers of Senomyx, the Individual Defendants had a duty to carefully review the Recommendation Statement before it was disseminated to the Company's shareholders to ensure that it did not contain untrue statements of material fact and did not omit material facts.  The Individual Defendants were negligent in carrying out their duty.

37.    Senomyx is imputed with the negligence of the Individual Defendants, who are each directors and/or senior officers of Senomyx.

38.    As a direct result of Defendants' negligent preparation, review, and dissemination of the false and/or misleading Recommendation Statement, Plaintiffs and the Class are impeded from exercising their right to seek appraisal on a fully informed basis and are induced to tender their shares and accept the inadequate Offer Price in connection with the Proposed Transaction.  The false and/or misleading Recommendation Statement used to solicit the tendering of shares impedes Plaintiffs and the Class from making a fully informed decision regarding the Tender Offer and is an essential link in consummating the Proposed Transaction, which will deprive them of full and fair value for their Senomyx shares.  At all times relevant to the dissemination of the materially false and/or misleading Recommendation Statement, Defendants were aware of and/or had access to the true facts concerning the process

CLASS ACTION COMPLAINT

involved in selling Senomyx, the projections for Senomyx, and Senomyx's true value, which is greater than the Offer Price Senomyx's shareholders will recieve. Thus, as a direct and proximate result of the dissemination of the false and/or misleading Recommendation Statement Defendants used to obtain shareholder approval of and thereby consummate the Proposed Transaction, Plaintiffs and the Class will suffer damage and actual economic losses (i.e., the difference between the price Senomyx shareholders receive and the true value of their shares) in an amount to be determined at trial.

39. The misrepresentations and omissions in the Recommendation Statement are material in that a reasonable shareholder would consider them important in deciding whether to tender their shares in the Tender Offer. In addition, a reasonable investor would view a full and accurate disclosure as having significantly altered the "total mix" of information made available in the Recommendation Statement and in other information reasonably available to shareholders.

## COUNT II

### Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

40. Plaintiffs repeat and reallege the preceding allegations as if fully set forth herein.

41. The Individual Defendants acted as controlling persons of Senomyx within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Senomyx and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false and misleading statements contained in the Recommendation Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiffs contend are false and misleading.

42.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement alleged by Plaintiffs to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

43.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Recommendation Statement contains the unanimous recommendation of the Individual Defendants to approve the Transaction.  They were thus directly involved in the making of the Recommendation Statement.

44.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

45.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the Exchange Act, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of the Individual Defendants' conduct, Plaintiffs and the Class will suffer damage and actual economic losses (i.e., the difference between the price Senomyx shareholders stand to receive and the true value of their shares) in an amount to be determined at trial.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff demands relief in his favor and in favor of the Class and against the Defendants jointly and severally, as follows:

A. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class Representative and his counsel as Class Counsel;

B. Preliminarily and/or permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from

proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Recommendation Statement;

C. Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff and the Class rescissory damages;

D. Directing the Defendants to account to Plaintiff and the Class for all damages suffered as a result of their wrongdoing;

E. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

F. Granting such other and further equitable relief as this Court may deem just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

DATED:  October 10, 2018

**OF COUNSEL**

**MONTEVERDE & ASSOCIATES PC**
Juan E. Monteverde
The Empire State Building
350 Fifth Avenue, Suite 4405
New York, New York 10118
Tel:  212-971-1341
Fax:  212-202-7880
Email: jmonteverde@monteverdelaw.com

*Counsel for Plaintiff*

Respectfully submitted,

*/s/ David E. Bower_____*

David E. Bower SBN 119546
**MONTEVERDE & ASSOCIATES PC**
600 Corporate Pointe, Suite 1170
Culver City, CA 90230
Tel: (213) 446-6652
Fax: (212) 202-7880
Email:  dbower@monteverdelaw.com

*Counsel for Plaintiff*

## CERTIFICATION OF PROPOSED LEAD PLAINTIFF

I, ___Gordon Link_____ ("Plaintiff"), declare, as to the claims asserted under the federal securities laws, that:

1.    Plaintiff has reviewed a draft of the complaint and has authorized the filing of a complaint substantially similar to the one reviewed.

2.    Plaintiff selects Monteverde & Associates PC and any firm with which it affiliates for the purpose of prosecuting this action as my counsel for purposes of prosecuting my claim against defendants.

3.    Plaintiff did not purchase the security that is the subject of the complaint at the direction of Plaintiff's counsel or in order to participate in any private action arising under the federal securities laws.

4.    Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

5.    Plaintiff sets forth in the attached chart all the transactions in the security that is the subject of the complaint during the class period specified in the complaint.

6.    In the past three years, Plaintiff has not sought to serve nor has served as a representative party on behalf of a class in an action filed under the federal securities laws, unless otherwise specified below.

7.    Plaintiff will not accept any payment for serving as a representative party on behalf of a class beyond Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the Class as ordered or approved by the Court.

I declare under penalty of perjury under the laws of the United States that the foregoing information is correct to the best of my knowledge.

Signed this _10th_ day of _October_____, 2018.

DocuSigned by:

*Gordon Link*

F649C32FA7934C9...

Signature

| Company Name/Ticker | Transaction (Purchase or Sale) | Trade Date | Quantity |
|---|---|---|---|
| SNMX | Purchase | 12/27/2004 | 770 |
| SNMX | Purchase | 8/17/2005 | 74 |
| SNMX | Purchase | 12/22/2006 | 207 |
| SNMX | Purchase | 4/17/2008 | 695 |
| SNMX | Sale | 10/17/2008 | 1746 |
| SNMX | Purchase | 3/2/2010 | 663 |
| SNMX | Sale | 3/19/2010 | 663 |
| SNMX | Purchase | 1/11/2012 | 1200 |
| SNMX | Purchase | 2/23/2012 | 1540 |
| SNMX | Sale | 7/11/2012 | 2740 |
| SNMX | Purchase | 6/17/2014 | 360 |
| SNMX | Purchase | 6/18/2014 | 1065 |
| SNMX | Purchase | 7/11/2014 | 184 |
| SNMX | Purchase | 9/4/2015 | 213 |
| SNMX | Purchase | 2/9/2018 | 3900 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Gordon Link

**DEFENDANTS**
Senomyx, Inc., Kent Snyder, John Poyhonen, Stephen A. Block, Tom Erdmann, Mary Ann Gray, Dan Stebbins, and Christopher J. Twomey

**(b)** County of Residence of First Listed Plaintiff     Manassas, VA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant     San Diego, CA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David E. Bower, Monteverde & Associates PC, 600 Corporate Pointe, Suite 1170, Culver City, CA 90230, (213) 446-6652

Attorneys *(If Known)*

'18CV2336 BAS WVG

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
        Plaintiff

☒ 3   Federal Question
        *(U.S. Government Not a Party)*

☐ 2   U.S. Government
        Defendant

☐ 4   Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☒ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original
        Proceeding

☐ 2   Removed from
        State Court

☐ 3   Remanded from
        Appellate Court

☐ 4   Reinstated or
        Reopened

☐ 5   Transferred from
        Another District
        *(specify)*

☐ 6   Multidistrict
        Litigation -
        Transfer

☐ 8   Multidistrict
        Litigation -
        Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 78n(e); 15 U.S.C. § 78t(a)

Brief description of cause:
Violations of Sections 14(e) and 20(a) of the Securities Exchange Act of 1934

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION
    UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:     ☒ Yes     ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions:)*
JUDGE

DOCKET NUMBER

DATE
10/10/2018

SIGNATURE OF ATTORNEY OF RECORD
/s/ David Bower

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

Print     Save As...     Reset

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.